IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUKHAN MUMIN,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>TODD WASMER, Warden of the Tecumseh State Correctional Institution;<br><br>　　　　　　Respondent. | **8:20CV117**<br><br>**MEMORANDUM AND ORDER** |

　　Dukhan Mumin (Mumin) has filed a "Petition for Writ of Habeas Corpus Pursuant to the Doctrine of Equitable Tolling," filing no. 1, together with a "Supplemental Petition for Writ of Habeas Corpus Pursuant to the Doctrine of Equitable Tolling."[1] Filing no. 7. He has also filed a "Request for Recusal." Filing no. 6.

　　After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss the § 2254 petition without prejudice. I will also deny the request that I recuse myself.

　　Mumin's recusal request is frivolous. He relies mostly on state law. In any event, his request, predicated on "facts" such as that he has heard from lawyers that I never grant pro se parties relief and that I am inflexible, is insufficient to warrant my disqualification. *See*, *e.g.*, 28 U.S.C. § 455; 28 U.S.C. § 144; Charles Gardner Geyh, *Judicial Disqualification: An Analysis of Federal Law*, Federal Judicial Center (2010).

---

　　[1] Obviously, the "Doctrine of Equitable Tolling" does not state a substantive federal claim that would, even if proven, entitle the petitioner to affirmative relief. On that ground alone, the petition and supplement require dismissal.

Mumin *again* attempts to attack his conviction, and habitual offender sentence, in a state case styled *State of Nebraska v. Mumin*, CR 11-954 (available through https://www.nebraska.gov/justice/case.cgi).[2] He has attacked that conviction in this court numerous times before.[3] See, for example, *Mumin v. Frakes*, 4:16CV3033[4]; *Mumin v. Hansen*, 4:17CV3164; *Mumin v. Hansen*, 4:17CV3169; *Mumin v. Hansen*, 4:18CV3105; *Mumin v. Hansen*, 8:18CV102; *Mumin v. Hansen*, 8:19CV272.

The present petition is successive, and no permission has been granted by the Court of Appeals to file a successive petition. 28 U.S.C. § 2244 (b)(1). *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (Under provision of Antiterrorism and Effective Death Penalty Act (AEDPA) governing second or successive habeas petitions, if the claim presented in the second or successive petition was also presented in the prior petition, the claim must be dismissed.)

Even if Petitioner could somehow avoid the bar of § 2244 (b)(1), he would be required to seek the permission of the Court of Appeals to commence this second action. 28 U.S.C. § 2444 (b)(2) & (3)(A). He has not done so, and this matter must be dismissed on that basis as well. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain order authorizing him to file second petition).

---

[2] It is interesting to note that Mumin has a pending action in that court now after at least eight unsuccessful appeals.

[3] By the way, Mumin has filed at least 27 legal actions in this court. He has filed at least 10 habeas petitions.

[4] For example, in this case I dismissed six broad claims with prejudice. I denied a certificate of appealability and the Court of Appeals agreed. Mumin then filed a Rule 60(b) motion and I denied it and refused a certificate of appealability. The Court of Appeals also denied his request for a certificate of appealability.

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The petition, filing no. 1, and the supplement, filing no. 7, are dismissed and denied without prejudice.

2. The request for recusal, filing no. 6, is denied on the merits.

3. No certificate of appealability has been or will be issued.

4. Judgment will be entered by separate document.

Dated this 26th day of May, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge